FILED
Sep 30, 2026
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

ERICK S.,[1]
Petitioner,

v.

WARDEN OF THE CALIFORNIA CITY DETENTION CENTER,

Respondent.

No. 1:26-cv-07532-RLP

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE AND DENYING AS MOOT MOTION TO APPOINT COUNSEL

Before the Court are Petitioner Erick S's Petition for Writ of Habeas Corpus, ECF No. 1, and Motion to Appoint Counsel, ECF No. 3. Respondent Warden of

[1] The Court uses Petitioner's first name and last initial to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

the City of California Detention Facility filed an Answer, ECF No. 8. Having reviewed the filings and applicable law, the Court denies the petition without prejudice and denies the motion for appointment of counsel as moot.

BACKGROUND

According to United States Department of Homeland Security records, Petitioner is a citizen of Canada without valid immigration documents that would allow him to lawfully remain in the United States. ECF No. 8-1. Petitioner was taken into United States Immigration and Customs Enforcement's ("ICE") custody on or about March 25, 2026. *Id.* He is currently detained at the California City Detention Facility. ECF No. 1 at 3.

Petitioner filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on September 17, 2026. ECF No. 1. Petitioner argues he is detained in ICE custody in violation of the Due Process Clause of the Fifth Amendment. *Id.* at 2. He asserts he has not been provided with a bond hearing to determine whether his detention is justified based on danger or flight risk, despite having been detained for over six months. *Id.* He argues he has exhausted all administrative remedies "and feels without this court's intervention proper assessment and justification won't be reached." *Id.* at 4. Thus, Petitioner requests the Court order his release. *Id.* at 1.

Respondent filed an Answer opposing the petition, indicating that Petitioner

is bond-eligible and received a bond hearing on September 4, 2026. ECF No. 8. Respondent notes that Petitioner was denied bond, but that Petitioner may appeal the adverse bond decision by October 4, 2026. *Id.* Thus, Respondent argues the Court should deny the petition because Petitioner has not exhausted administrative remedies by exercising his appellate rights. *Id.*

## LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## DETENTION UNDER 8 U.S.C. § 1226(a)

Section 1226 governs the detention of noncitizens pending a decision on removal. Under Section 1226(a), the government may detain a noncitizen pending removal proceedings or release the noncitizen on bond or conditional parole. *See*

*Jennings v. Rodriguez*, 583 U.S. 281, 288 (2018). After the government makes an initial custody determination, a noncitizen detained under Section 1226(a) may seek a bond redetermination under 8 C.F.R. § 236.1(d) before an immigration judge and may appeal an adverse decision to the Board of Immigration Appeals ("BIA"). 8 C.F.R. § 236.1(d) (2026); *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196–97 (9th Cir. 2022).

EXHAUSTION

Although exhaustion under 28 U.S.C. § 2241 is prudential rather than jurisdictional, the Ninth Circuit generally requires a noncitizen challenging an immigration custody determination to exhaust available administrative remedies before seeking habeas relief. *See Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). A court may excuse prudential exhaustion when "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)).

Section 236.1(d) of Title 8 of the Code of Federal Regulations provides an administrative remedy after an initial immigration custody determination: a detainee may seek a custody redetermination before an immigration judge and appeal an adverse determination to the BIA. 8 C.F.R. § 236.1(d) (2026). In

*Leonardo*, the Ninth Circuit held that a detainee who sought habeas review of an immigration judge's bond determination without first appealing to the BIA had taken an improper "short cut," and directed dismissal without prejudice. *Leonardo*, 646 F.3d at 1160.

ANALYSIS

Petitioner argues his detention violates the Due Process Clause of the Fifth Amendment. ECF No. 1. He asserts he has not been provided with a bond hearing to determine whether his detention is justified based on danger or flight risk. *Id.* at 1. Additionally, he argues that he has exhausted all administrative remedies "and feels without this court's intervention proper assessment and justification won't be reached." *Id.* at 4.

Respondent argues the Court should deny the petition, reasoning that Petitioner received a bond hearing and has the ability to appeal the adverse bond decision. ECF No. 8. Respondent argues Petitioner should exhaust administrative remedies by filing an administrative appeal before petitioning this Court for release. *Id.*

The Court does not reach Petitioner's argument related to the unlawfulness of his detention because Petitioner must first exhaust the administrative remedies available to him. *See Leonardo*, 646 F.3d at 1160; 8 C.F.R. § 236.1(d). Respondent documented that the immigration court held a bond hearing on September 4, 2026,

and Petitioner may appeal the decision by October 5, 2026. ECF No. 8-3.

The record does not establish that Petitioner has since exhausted administrative appeal remedies available to him under 8 C.F.R. § 236.1(d) or that the exhaustion requirement should be excused. *See Leonardo*, 646 F.3d at 1160; *Hernandez*, 872 F.3d at 988 (quoting *Laing*, 370 F.3d at 1000). Like the *Leonardo* detainee who had taken an improper "short cut" by seeking habeas review without first appealing to the BIA, Petitioner's request takes a "short cut" by seeking habeas review before appealing to an immigration judge and the BIA. *See Leonardo*, 646 F.3d at 1160.

Therefore, Petitioner's Petition for Writ of Habeas Corpus is denied without prejudice, and Petitioner's Motion for Appointment of Counsel is denied as moot.

Accordingly, **IT IS ORDERED:**

1. Petitioner's Petition for Writ of Habeas Corpus, **ECF No. 1**, is **DENIED WITHOUT PREJUDICE**.

2. Petitioner's Motion to Appoint Counsel, **ECF No. 3**, is **DENIED AS MOOT**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter judgment accordingly, provide copies of this order to Petitioner and counsel, and **CLOSE THE FILE**. Judgment shall be entered in favor of Respondent, and a copy of this order shall be transmitted to Petitioner by mail.

DATED September 30, 2026.

REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE